[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13293
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-23134-FAM

AARON JACKSON,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY, Political Subdivision, MIAMI-DADE
CORRECTIONS AND REHABILITATION, TIMOTHY RYAN, Director of
Miami-Dade Corrections and Rehabilitation, MARYDELL GUEVARA, Deputy
Director of Miami-Dade Corrections and Rehabilitation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 2, 2012)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This is a retaliation suit brought under Title VII, 42 U.S.C. § 2000e-3(a) against Miami-Dade County by Aaron Jackson, a lieutenant with the County's Department of Corrections and Rehabilitation.  After he was denied a promotion to the position of Correctional Captain in 2004, Jackson filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming that he was denied the promotion on account of his race, black.  Jackson did not pursue the claim and continued on in his employment.

The seeds for the present litigation were planted in July 2007, when the Department posted a vacancy in the Correctional Captain position.  Jackson knew of the posting but did not apply.  The Department posted a vacancy in the Correctional Captain position again in 2009.  As before, Jackson, who lacked a bachelor's degree, one of the requirements for the position, did not apply.  In any event, the posting was withdrawn because the bachelor's degree requirement had not been approved by the County's Human Resource ("HR") department.  HR subsequently approved the requirement, however, and the job was reposted, in February 2010.  Jackson, still lacking a bachelor's degree, did not apply.  A few days later, he filed a charge with the EEOC, claiming that the Department retaliated against him in 2007, 2009 and 2010 for filing the EEOC charge in 2005 by adding a bachelor's degree job requirement for the Correctional Captain

2

position.[1]  After receiving his right-to-sue letter, he brought this lawsuit.

Following discovery, the Department moved the District Court for summary judgment.  The court granted its motion.  In its dispositive order entered on June 30, 2011, the court found that Jackson's claim failed because he had not applied for any of the positions and, had he applied, he would not have been chosen because he lacked a bachelor's degree.  Moreover, the 2007 failure-to-promote claim was time-barred, and the 2010 claim was barred because his 2010 EEOC charge failed to allege that the bachelor's-degree requirement in the 2010 posting

---

[1]  The charge stated:

I believe that I have been retaliated against by the department and by Marydell Guevara (Deputy Director) because I filed an EEOC charge against Respondent in 2005 alleging failure to promote because of my race, black.

In 2005, Susan Torrienta assured me that the promotion process would be changed. Shortly thereafter, Deputy Director Marydell Guevara (Hispanic) made the statement that as long she was Deputy, I would never be promoted to Correctional Captain since that time.

In 2007 and September 2009, Respondent's job announcement for the Correctional Captain position stated that applicants must have a bachelor's degree.  I do not have a bachelor's degree and  did not apply for the position.  In September 2009, I learned that Respondent did not have approval to change the qualifications for the Correctional  Captain  position  by  listing  bachelor's degree as a requirement. This was verified by Linda Webber in the compensation department and the 2009 job announcement was withdrawn.

 I have served as Acting Correctional Captain on many occasions and I am qualified for the position.  I believe that the job requirement for the Correctional Captain position was changed from the 2000 version (which did not require a  bachelor's degree) in an effort to prevent me from being promoted.

was in retaliation for his 2005 EEOC charge.  Jackson now appeals, arguing that he established a prima facie case of retaliation sufficient to carry his case to a jury. For the reasons stated in the District Court's June 30, 2011 order, we find no merit in his argument.

AFFIRMED.